## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Cheryl Mitchell, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| Diversified Consultants, Inc., | ) | **WITH JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

### PARTIES

1.  Plaintiff, Cheryl Mitchell, is a natural person who resides in Clayton County, Georgia.

2.  Defendant, Diversified Consultants, Inc., is a corporation formed under the laws of the State of Florida and registered to do business in the State of Georgia.

1

Defendant may be served with process via its registered agent, Incorp Services, Inc., at 2000 Riveredge Parkway NW, Suite 885, Atlanta, Georgia 30324.

3.      At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant pursuant to O.C.G.A. § 9-10-91(1) because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Clayton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is the subscriber for the cellular telephone with the number 404-***-8733 (the "Cell Phone").

8.     In or about May, 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect an alleged debt owed by Plaintiff.

9.     Defendant's calls to Plaintiff were made from phone number 762-585-9899.

10.     The phone number set forth in Enumeration 9 above is utilized by or under the control of Defendant.

11.     Since May, 2016, Plaintiff has received at least seven (7) similar calls from Defendant.

12.     Defendant's calls to Plaintiff had no emergency purpose.

13.     Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

14.     Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

15.   Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

16.   Plaintiff carries her Cell Phone on her person at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, and her interactions with family, friends, and coworkers.

## DAMAGES

17.   Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, (a) the consumption of "minutes" as contemplated in Plaintiff's cellular service resulting in Plaintiff paying for the calls initiated by Defendant, (b) depletion of Plaintiff's Cell Phone's battery life resulting in diminished preferred usage by Plaintiff, diminishing Plaintiff's ability to use it for its intended purpose, (c) emotional distress—including frustration and aggravation—in managing, caused by the persistent calls, and (d) expenses associated with seeking to enforce Defendant's compliance with the law.

4

**CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

18.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

19.    Defendant markets itself as "a full service 3rd Party Collection Agency specializing in the recovery of telecom bad debt at any level of delinquency." See, https://www.dcicollect.com/services/dci-3rd-party-collections.html.   (Last   visited September 20, 2016.)

20.    Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

21.    The alleged debt that Defendant is attempting to collect is a "consumer debt" as those terms and concepts are defined by 15 U.S.C. §§ 1692(a)(3) and (5).

22.    Upon information and belief, Defendant failed to meaningfully identify itself and the party for whom it was collecting in violation of 15 U.S.C. §§ 1692b1 and 1692d(6).

23.    Upon information and belief, Defendant failed to send written verification of the alleged debt in violation of 15 U.S.C. § 1692g.

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)

24.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

25.    O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

26.    It was an unfair business practice for Defendant to call Plaintiff's Cell Phone repeatedly, without consent.

27.    It was an unfair business practice for Defendant to repeatedly call Plaintiff's Cell Phone in an attempt to collect a debt.

28.    It was an unfair business practice for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

29.    Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

30.    As pled above, Plaintiff was harmed by Defendant's unfair conduct.

31.    Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

6

32.   Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and are done on a wide scale.

33.   Defendant's conduct amounts to an unfair business practice.

34.   Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

35.   Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

36.   As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

37.   Defendant's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

38.   Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

39.   Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense,

7

Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## TRIAL BY JURY

40.    Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.)    Actual damages;

b.)    General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

c.)    Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and  O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

d.)    Such other and further relief as may be just and proper.

Respectfully submitted, this 21st day of September, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Adam J. Klein
Georgia Bar No.: 425032

8

*aklein@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*